**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4652

LEON CLEOFOSTER DANIEL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-98-795)

Submitted: April 28, 2000

Decided: September 21, 2000

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James H. Price, III, JAMES H. PRICE, III, P.A., Greenville, South
Carolina, for Appellant. Harold Watson Gowdy, III, OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leon C. Daniel appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C.A. § 846 (West 1999). His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising claims regarding sentencing but stating that, in his view, there are no meritorious issues for appeal. Daniel has filed a pro se supplemental brief. Finding that none of the issues raised has merit, and discerning no other error in the record, we affirm.

Daniel, through counsel, claims three sentencing errors by the district court. He claims the district court erred in (1) attributing 47.5 grams of crack cocaine toward his base offense level by converting the $1147 cash found in his possession into crack cocaine; (2) attributing 250 grams of crack cocaine found in his co-conspirator's hotel room toward his base offense level by converting $6000 to crack cocaine; and (3) attributing an additional 162 grams of crack cocaine toward his base offense level by converting $3867 in drug proceeds from an unrelated arrest six weeks prior to the occurrence of the instant offense.

The calculation of an amount of drugs to establish a base offense level is a factual determination that we review for clear error. See United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). The sentencing court may convert seized currency into drugs for the purpose of setting an offense level. See United States v. Hicks, 948 F.2d 877, 881-82 (4th Cir. 1991); see also USSG § 2D1.1, comment. n.12 (1998). However, it is the government's burden to prove, by preponderance of the evidence, the connection between the money seized and the drug related activity. See United States v. Gonzales-Sanchez, 953 F.2d 1184, 1187 (9th Cir. 1992).

2

Daniel's claims are based on the district court's decision not to credit his version of events. Because we do not review credibility determinations on appeal, we deny relief on the claims raised in counsel's Anders brief. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999); United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

Daniel advances six pro se claims in his pro se supplemental brief. Daniel first claims that the district court erred in denying his motion to withdraw his guilty plea. This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 32(e).

We consider six factors when reviewing whether the trial court abused its discretion in denying a motion to withdraw a guilty plea (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Our review reveals that none of the Moore factors weigh in Daniel's favor. Accordingly, we deny relief on this claim.

Daniel also claims that the district court erred in not sua sponte granting a downward departure pursuant to the "safety-valve" provisions of USSG § 5C1.2 (1998) and 18 U.S.C.A.§ 3553(f) (West Supp. 2000). Daniel did not move for application of the safety valve provision in the district court; therefore, our review is for plain error. See United States v. Olano, 507 U.S. 725, 731-35 (1993). Among other criteria to qualify for the safety valve reduction, Daniel was required to make an affirmative effort to disclose what he knew about the offenses. See United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir. 1996). Daniel lied to investigators and the probation officer who prepared his pre-sentence report. Accordingly, he was not entitled to

3

a downward departure based upon the safety-valve provision. See United States v. Marin, 144 F.3d 1085, 1091 (7th Cir. 1998), cert. denied, 525 U.S. 916 (1998); United States v. Long, 77 F.3d 1060, 1062-63 (8th Cir. 1996).

Daniel next claims that the district court should have granted a downward adjustment based upon his minor role in the offense under USSG § 3B1.2(b) (1998). Daniel did not object to the PSR's recommendation that no adjustment was warranted based upon his role in the offense. Therefore, this court's review is for plain error. See Olano, 507 U.S. at 731-35.

Under the United States Sentencing Guidelines a"minor" role is defined as a less culpable role in the offense than that of the other participants. See USSG § 3B1.2, comment n.3; Daughtrey, 874 F.2d at 219. Daniel produces no evidence to support his contention that the district court plainly erred in not finding his participation in the offense to be minor. To the contrary, Daniel admits that he was actively involved in the distribution end of the drug conspiracy. His involvement was therefore too extensive to support a minor role offense level adjustment. See id.

Daniel also claims that the district court erred in denying the motion to suppress the evidence found in his co-conspirator's hotel room. Because Daniel has consistently asserted that he did not occupy the hotel room and therefore, lacked any possessory or privacy interest therein, he lacks standing to challenge this search. See, e.g., United States v. Clark, 891 F.2d 501, 506 (4th Cir. 1989).

Daniel's penultimate pro se claim is that the district court erred in finding certain drug activity reasonably foreseeable to Daniel for the purposes of ascertaining his relevant conduct for sentencing purposes. See USSG § 1B1.3 (1998). Daniel relies upon this court's decision in United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993), to support his assertion that he was entitled to an evidentiary hearing to ascertain the amount of drugs foreseeable to him.

The record reflects that district court specifically detailed the allegations contained in the indictment, and unequivocally informed Daniel that his sentence was to be determined by the amount of drugs

4

attributable to him. Moreover, the indictment conformed in all respects with the conduct to which Daniel pleaded guilty. Finally, Daniel's probation officer's recommendations regarding the amount of drugs attributable to Daniel were supported by sufficient indicia of reliability. Gilliam is therefore inapplicable, and we deny relief upon this claim. See Gilliam, 987 F.2d at 1013-14.

Finally, Daniel claims that a prior drug-related traffic stop was too remote in time and place to be part of the same plan or scheme under USSG § 1B1.3 (1998), and therefore the district court erred in including in converting $3867 in cash found at the stop into crack for the purpose of sentencing Daniel for his role in the instant conspiracy. Because of the temporal proximity to the instant offense, as well as the drug-related commonality of the two incidents, the district court did not clearly err in converting the cash found in Daniel's possession during the previous traffic stop to crack cocaine for sentencing purposes.

Accordingly, we affirm Daniel's conviction and sentence. We also deny Daniel's pending motion for appointment of new counsel. As this is an Anders appeal, we have throughly reviewed the record, including the transcripts of the plea and sentencing hearings, and have found no issues of arguable merit. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5