No. 95-3027

United States of America,      *
                               *
        Plaintiff-Appellee,    *
                               *  Appeal from the United States
    v.                         *  District Court for the
                               *  District of Minnesota.
Neeley Hawkins Long,           *
                               *      [PUBLISHED]
        Defendant-Appellant.   *

Submitted:  February 14, 1996

Filed:  February 23, 1996

Before McMILLIAN, LAY and HANSEN, Circuit Judges.

PER CURIAM.

    Neeley Hawkins Long was arrested along with Vontrell Williams at the Minneapolis-St. Paul International Airport after Long attempted to discard approximately ten ounces of crack cocaine she had carried with Williams on a flight from Chicago.  Long carried a cellular telephone, a pager, and a health insurance card bearing the name of her husband, Eddie Long.  Williams, who was posing as Long's husband, carried an identical health insurance card.  Williams lied to police and the magistrate judge about his identity, and Long did not correct his statements.  Long claims she was under substantial pressure to assist Williams in this crime.  Nonetheless, pursuant to a written plea agreement, Long eventually pled guilty to a conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846.  The district court sentenced Long to the mandatory minimum of 120 months imprisonment.

On appeal, Long challenges the application of the mandatory ten-year minimum sentence for "cocaine base" under 21 U.S.C. § 841(b)(1)(A) on two grounds.[1]  First, Long argues "cocaine base" is chemically indistinguishable from "cocaine," creating an ambiguity in the statute that should be resolved in her favor under the rule of lenity.  See United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994) (finding statute ambiguous and applying powder cocaine minima under the rule of lenity).  We need not address this argument, however, because Long stipulated in her plea agreement that her sentence would be governed by the applicable guidelines for "150 to 500 grams of cocaine base" under U.S.S.G. § 2D1.1(c)(3), see Plea Agreement at 3, and Long does not seek to withdraw from the plea agreement.  See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995).  Moreover, we reject Long's argument on the merits under United States v. Jackson, 64 F.3d 1213 (8th Cir. 1995), pet. for cert. filed, No. 95-7438 (U.S. Jan. 9, 1996). In Jackson, this court found "practical, real-world differences" between powder and crack cocaine, such as the "cost, method of production, availability to the urban poor," and the rate of addiction, undermined the significance of the similarity in "molecular structure" between the two types of cocaine.  Id. at 1219-20.  Further, Jackson noted the defendant did not contend he "was unaware of the differences, or unable to distinguish, between crack and other forms of cocaine," and thus held the statute was not ambiguous and the rule of lenity inapplicable.  Id. at 1220. Like the defendant in Jackson, Long has made no argument she was unaware she was dealing in crack or could not distinguish between

---

[1]If Long obtains relief from the statutory 120-month minimum, on remand the district court would be able to sentence her to the lower end of the sentencing range, 108 months.  In addition, Long sought a downward departure from the guidelines range because, she alleges, her involvement resulted from "serious coercion, blackmail or duress, under circumstances not amounting to a complete defense."  See U.S.S.G. § 5K2.12.  Long also sought a downward departure under U.S.S.G. § 5K2.0 for other mitigating factors.

the two, and thus <u>Jackson</u> is controlling here.

Second, Long argues she was entitled to relief under 18 U.S.C. § 3553(f), which removes the statutory minima for certain crimes, including violations of 21 U.S.C. § 846, if the defendant meets certain conditions. <u>See also</u> U.S.S.G. § 5C1.2 (reproducing the criteria of eligibility from § 3553(f) verbatim). The parties do not dispute that Long qualified for relief under 18 U.S.C. § 3553(f)(1)-(4). They disagree, however, whether Long complied with the terms of § 3553(f)(5), under which a defendant is eligible for relief if the district court has found that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(5).

After Long pled guilty, the United States attorney and two government agents interviewed Long, in the presence of Long's attorney, about her criminal conduct to enable Long to comply with § 3553(f)(5). When asked why Williams had her husband's identification, Long, who is an airline employee, told the government Williams had asked her to obtain employee non-revenue airline tickets for him, which are available for the family members of airline employees, but she had never done so. The government subsequently obtained several non-revenue tickets purchased by Long for travel by "Eddie Long" between Chicago and Minneapolis. The government offered these tickets as exhibits at Long's sentencing hearing. Long then admitted on cross-examination that she had provided Williams with non-revenue tickets on at least four

-3-

occasions and had lied about this fact at the government interview, explaining that she concealed the fact from the government for fear of retribution by her employer. On the basis of her misstatement to the government, the district court found Long ineligible for relief under § 3553(f).

Long argues she provided all truthful information "not later than the time of the sentencing hearing" under § 3553(f)(5) because she admitted she provided Williams with non-revenue tickets at the sentencing hearing. Under Long's reading, defendants could deliberately mislead the government about material facts, yet retain eligibility for relief under § 3553(f) by "curing" their misstatement at the sentencing hearing. Although this would serve a sentencing court's interest in full disclosure for purposes of sentencing, we think Long overlooks the government's interest in full truthful disclosure when it interviews defendants. This interest is reflected in the text of § 3553(f)(5) in the clause requiring the defendant's information be "truthfully provided to the Government." Only if Long had provided truthful information could the government have avoided the further investigation required to discover the airline ticket receipts which showed Long had provided Williams with non-revenue tickets to the Minneapolis-St. Paul airport.

Long next argues, notwithstanding her lie at the government interview, that she provided all truthful information "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." Long contends § 3553(f)(5), unlike the substantial assistance provision of U.S.S.G. § 5K1.1, only requires disclosure of information relating to the defendant's "offense of conviction and all relevant conduct." U.S.S.G. § 5C1.2, comment. (n.3). Thus, Long contends, she was only required to disclose information if it was relevant to her offense and sentencing.

We think the provision of airline tickets to a co-conspirator to the Minneapolis-St. Paul airport is clearly relevant to "the same course of conduct or . . . a common scheme or plan" of drug trafficking when the defendant was apprehended carrying drugs, in the presence of her co-conspirator, after their arrival at the Minneapolis-St. Paul airport. To the extent that Long criticizes the government for failing to provide sufficient "context" and "notice" of why it wanted the information, we find that the circumstances of her arrest provide all the context the government was required to provide. The government was justified in asking the question about other tickets and deserved an honest answer if § 3553(f)(5) was to apply. We also think that if such questioning was beyond the scope of the relevant criminal conduct, it was incumbent upon the defendant or defense counsel to object to the question. If Long thought she was not required to answer the question under § 3553(f)(5), she could have declined to answer, but she was not allowed to mislead the government. See 18 U.S.C. § 3553(f)(5) ("[T]he fact that the defendant has no relevant or useful other information to provide . . . shall not preclude a determination by the court that the defendant has complied with this requirement."); cf. U.S.S.G. § 3C1.1 (providing obstruction of justice enhancement for any "defendant [who] willfully obstruct[s] or impede[s] . . . the administration of justice during the investigation, prosecution, or sentencing of the instant offense").

For the foregoing reasons, the judgment is AFFIRMED.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-