———————

No. 95-3056

———————

United States of America,    *
                          *
           Appellee,     *
                          *   Appeal from the United States
    v.                       *   District Court for the
                          *   District of Minnesota.
Artie Deshann Crawford,      *
                          *
           Appellant.     *

———————

Submitted: March 12, 1996

Filed: May 14, 1996

———————

Before FAGG, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

———————

JOHN R. GIBSON, Circuit Judge.

Artie Deshann Crawford appeals his sentence based on a plea of guilty to distributing 55.6 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). Crawford attacks the sentencing scheme which punishes distribution of cocaine base far more severely than distribution of cocaine. He argues that the distinction in section 841(b) and U.S.S.G. § 2D1.1 between cocaine base and cocaine is nonsensical because the two terms refer to the same chemical. Therefore, he contends that we should be governed by the rule of lenity and sentence him to the lesser punishment for cocaine. He also argues that the district court improperly assessed his criminal history category points. We affirm.

Crawford stipulated to an offense level of thirty-two in his plea agreement. The government argues that he has therefore waived

his objection to the cocaine base sentencing provisions.  Though the government's procedural argument may be correct, see United States v. Long, 77 F.3d 1060, 1061 (8th Cir. 1996), in light of the great importance of this issue, we consider the merits, however briefly.

Crawford's argument is based on the same extensive record before the district court in United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994), appeal pending, (No. 95-8057 11th Cir.).  The district court in Davis relied on scientific testimony to conclude that cocaine and cocaine base were synonymous, and that the statute distinguishing between the two terms and according harsher punishment for crimes involving cocaine base was nonsensical.  864 F. Supp. at 1305 ("In sum, cocaine base describes no other substance than cocaine.").  The scientific testimony from Davis was made a part of the record in this case, as it has been in earlier cases before this court.  See United States v. Jackson, 64 F.3d 1213 (8th Cir. 1995), cert. denied, 116 S. Ct. 966 (1996); United States v. Brown, 72 F.3d 96 (8th Cir. 1995), petition for cert. filed, (Mar. 27, 1996) (No. 95-8470).  In Jackson, 64 F.3d at 1216, we considered the Davis record, but we arrived at the opposite conclusion from the Davis decision, 64 F.3d at 1219-20.  We considered the Davis testimony "at best equivocal."  Id. at 1216.  We based our decision on additional testimony that established "practical, real-world differences" between cocaine base and other forms of cocaine.  Id. at 1219-20.  Based on this testimony, we concluded that the statutory distinction between cocaine and cocaine base was not ambiguous and did not require us to apply the rule of lenity.  Id.  Accord United States v. White, No. 95-2949, slip op. at 7 (8th Cir. Apr. 4, 1996); Long, 77 F.3d at 1061; Brown, 72 F.3d at 97.  See also United States v. Smith, No. 95-3885, slip op. at 5 (8th Cir. Apr. 26, 1996).

In addition to these decisions from our circuit, we are persuaded by another recent case, United States v. Booker, 70 F.3d 488 (7th Cir. 1995), cert. denied, 116 S. Ct. 1334 (1996).  Booker

submitted the Davis record to the district court, but was nevertheless sentenced under the cocaine base guidelines. Id. at 490. The Seventh Circuit considered the argument that scientifically cocaine and cocaine base are synonymous and refer to the same substance with the same chemical formula. Judge Rovner's opinion for the Seventh Circuit concluded that the scientific evidence was not dispositive, but that the court should attempt to determine what Congress meant by the terms cocaine and cocaine base. Judge Rovner looked beyond the language of section 841(b) and the guidelines to the legislative history of section 841(b), which showed that Congress intended the two terms to have different meanings. Id. at 492-94. Judge Rovner held that Congress intended the term cocaine base to refer to "crack," the smokable form of cocaine made by dissolving cocaine hydrochloride in water and baking soda and reducing it to a solid substance. Id. at 491, 493. Because Congress's intent was clear, there was no reason to apply the rule of lenity. Id. at 494. Accord United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, 116 S. Ct. 329 (1995); United States v. Camilo, 71 F.3d 984, 990 (1st Cir. 1995), cert. denied, 1996 WL 138122 (1996); see also United States v. Smith, 73 F.3d 1414, 1418 (6th Cir. 1996).

With respect to his criminal history category points, Crawford argues that a juvenile sentence he received for assault which resulted in a sentence of probation and fifteen hours of community service was a diversionary disposition and should not be counted under § 4A1.2(f) of the Sentencing Guidelines. The record reflects, however, that the district court found that this conviction was not a diversionary disposition. The district court adopted the findings of the presentence report that Crawford had completed the probation and community service, and thus discharged the sentence imposed. We reject Crawford's argument.

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.