July 23, 1996
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1294

 UNITED STATES,

 Appellee,

 v.

 ALEJANDRO DE JESUS GRANADA,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge] 

 

 Before

 Selya, Cyr and Boudin,
 Circuit Judges. 

 

Irma R. Valldejuli on brief for appellant. 
Guillermo Gil, United States Attorney, Warren Vazquez and Nelson 
Perez-Sosa, Assistant United States Attorneys, and Jose A. Quiles- 
Espinosa, Senior Litigation Counsel, on brief for appellee. 

 

 

 Per Curiam. Alejandro De Jesus Granada appeals his 

sentence on two grounds. We affirm.

 1. Role in the offense. Appellant argues that the 

district court erred in failing to grant his request for a

two-level reduction in the offense level based upon his minor

role in the offense, pursuant to U.S.S.G. 3B1.2. The plea

agreement entered between appellant and the government

expressly provided that, beyond the adjustment for acceptance

of responsibility, "no further adjustments to the defendant's

base offense level shall be made." It might therefore be

argued that appellant waived his right to request an

adjustment for his role in the offense, but there is some

difference among the circuits on when and whether such

stipulations are binding on the district court and we have

not resolved this issue. Compare United States v. Isirov, 

996 F.2d 183, 186-87 (7th Cir. 1993), with United States v. 

Long, 77 F.3d 1060, 1061 (8th Cir. 1996). 

 In all events, Granada was convicted of importing a

specific shipment of heroin. He is the one who did the

importing and while there is some indication that someone

else furnished him with the drugs, there is almost nothing to

indicate that his role in this importation was minor. Given

that the burden was on Granada to show that he was entitled

to the downward adjustment, the district court did not err in

its conclusion that the adjustment was unwarranted.

 -2-

 2. Departure Pursuant to U.S.S.G. 5K2.0. 

Appellant contends that the district court erred in failing

to depart downward under U.S.S.G. 5K2.0, on account of his

substantial assistance to the government, notwithstanding

that the government did not move for a departure pursuant to

 5K1.1. "It is by now axiomatic that a criminal defendant

cannot ground an appeal on a sentencing court's discretionary

decision not to depart below the guideline sentencing range."

United States v. Pierro, 32 F.3d 611, 619 (1st Cir. 1994).  

 In his brief, appellant does not argue that the

district court misunderstood its legal authority to depart.

The transcript of the sentencing hearing does not indicate

that the court suffered from such a misunderstanding.

Therefore, this court lacks jurisdiction to review the

sentencing court's discretionary decision not to depart.

 3. Pro Se Motion to Supplement Appellate Record. 

Appellant filed a pro se motion with this court seeking to 

supplement the record by adding a letter from a prison

psychologist. In his motion, Granada suggests that the letter

calls into question the validity of his guilty plea. The

letter was never before the district court. Nor has Granada

raised the issue of the validity of his guilty plea in

district court. "It is a bedrock rule that when a party has

not presented an argument to the district court, she may not

 -3-

unveil it in the court of appeals." United States v. Slade, 

980 F.2d 27, 30 (1st Cir. 1992).

 Appellant's sentence is affirmed. See Loc. R. 27.1. 

Appellant's pro se motion to supplement the record on appeal 

is denied. 

 -4-