USCA1 Opinion

 

 July 23, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1294 UNITED STATES, Appellee, v. ALEJANDRO DE JESUS GRANADA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Irma R. Valldejuli on brief for appellant. __________________ Guillermo Gil, United States Attorney, Warren Vazquez and Nelson _____________ ______________ ______ Perez-Sosa, Assistant United States Attorneys, and Jose A. Quiles- __________ ________________ Espinosa, Senior Litigation Counsel, on brief for appellee. ________ ____________________ ____________________ Per Curiam. Alejandro De Jesus Granada appeals his __________ sentence on two grounds. We affirm. 1. Role in the offense. Appellant argues that the ___________________ district court erred in failing to grant his request for a two-level reduction in the offense level based upon his minor role in the offense, pursuant to U.S.S.G. 3B1.2. The plea agreement entered between appellant and the government expressly provided that, beyond the adjustment for acceptance of responsibility, "no further adjustments to the defendant's base offense level shall be made." It might therefore be argued that appellant waived his right to request an adjustment for his role in the offense, but there is some difference among the circuits on when and whether such stipulations are binding on the district court and we have not resolved this issue. Compare United States v. Isirov, _______ _____________ ______ 996 F.2d 183, 186-87 (7th Cir. 1993), with United States v. ______________ Long, 77 F.3d 1060, 1061 (8th Cir. 1996). ____ In all events, Granada was convicted of importing a specific shipment of heroin. He is the one who did the importing and while there is some indication that someone else furnished him with the drugs, there is almost nothing to indicate that his role in this importation was minor. Given that the burden was on Granada to show that he was entitled to the downward adjustment, the district court did not err in its conclusion that the adjustment was unwarranted. -2- 2. Departure Pursuant to U.S.S.G. 5K2.0. ____________________________________________ Appellant contends that the district court erred in failing to depart downward under U.S.S.G. 5K2.0, on account of his substantial assistance to the government, notwithstanding that the government did not move for a departure pursuant to 5K1.1. "It is by now axiomatic that a criminal defendant cannot ground an appeal on a sentencing court's discretionary decision not to depart below the guideline sentencing range." United States v. Pierro, 32 F.3d 611, 619 (1st Cir. 1994).  _____________ ______ In his brief, appellant does not argue that the district court misunderstood its legal authority to depart. The transcript of the sentencing hearing does not indicate that the court suffered from such a misunderstanding. Therefore, this court lacks jurisdiction to review the sentencing court's discretionary decision not to depart. 3. Pro Se Motion to Supplement Appellate Record. _____________________________________________ Appellant filed a pro se motion with this court seeking to ___ __ supplement the record by adding a letter from a prison psychologist. In his motion, Granada suggests that the letter calls into question the validity of his guilty plea. The letter was never before the district court. Nor has Granada raised the issue of the validity of his guilty plea in district court. "It is a bedrock rule that when a party has not presented an argument to the district court, she may not -3- unveil it in the court of appeals." United States v. Slade, ______________ _____ 980 F.2d 27, 30 (1st Cir. 1992). Appellant's sentence is affirmed. See Loc. R. 27.1. ________ ___ Appellant's pro se motion to supplement the record on appeal ___ __ is denied. ______ -4-