# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2446

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Debra Kay Tournier, now known as | * | |
| Debra Kay Laucamp, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted:  December 15, 1998

Filed:  April 8, 1999

_____

Before BEAM and LOKEN, Circuit Judges, and BOGUE,[*] District Judge.

_____

LOKEN, Circuit Judge.

Debra Kay Tournier pleaded guilty to participating in a drug conspiracy in violation of 21 U.S.C. § 846.  The government appeals her ninety-month prison sentence.  The issue is whether the district court[1] erred in finding her eligible for

_____

[*]The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

[1]The HONORABLE MICHAEL J. MELLOY, Chief Judge of the United States District Court for the Northern District of Iowa.

"safety valve" relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 after Tournier repeatedly lied to government interviewers about aspects of the offense and did not truthfully cooperate until just before her sentencing hearing. We affirm.

Tournier and three co-defendants were indicted for conspiring to possess and distribute methamphetamine in Waterloo and Cedar Rapids, Iowa. Some months later, Tournier agreed to plead guilty to one conspiracy count, an offense warranting a mandatory minimum ten-year prison sentence. See 21 U.S.C. § 841(b)(1)(A). Congress provided relief for less culpable drug offenders from its harsh mandatory minimum sentences in 18 U.S.C. § 3553(f), enacted as part of the Mandatory Minimum Sentencing Reform Act of 1994. See H.R. Rep. No. 103-460, 1994 WL 107571. This "safety valve" provision mandates that Tournier be sentenced under the Guidelines, without regard to the statutory minimum sentence, "if the court finds at sentencing" that she satisfies five criteria. It is undisputed Tournier meets the first four criteria; the issue on appeal is whether she satisfies § 3553(f)(5) and U.S.S.G. § 5C1.2(5):

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Seeking to qualify for safety valve relief, Tournier submitted to three government interviews in the months prior to her sentencing. The government also interviewed her three co-defendants. As the government learned more about the offense from Tournier's conspirators, it became convinced she had provided false denials or withheld information on relevant subjects such as:

-2-

-- whether she had provided drugs to her minor daughters;

-- whether her daughter's minor boyfriend sold drugs for her;

-- whether she knew of drug trafficking by her sisters and a niece;

-- whether she personally profited from the drug trafficking;

-- whether she had seen a co-defendant in possession of a handgun;

-- whether an incident involving Gary or Deborah Alloway was drug-related;

-- the identities of additional drug suppliers and customers.

The government advised Tournier it would oppose safety valve relief. She then agreed to a fourth interview in which she made additional admissions. Convinced she was still lying, the government filed a sentencing memorandum urging no safety valve relief. Just before the sentencing hearing, Tournier filed an affidavit containing still more admissions. At sentencing, the government conceded she had provided complete and truthful information prior to the hearing. The government nonetheless argued that her previous lies and omissions made her ineligible for safety valve relief.

Considering it a close question, the district court found that Tournier is eligible for safety valve relief under § 3553(f) and U.S.S.G. § 5C1.2. However, the court sentenced her to ninety months in prison, near the top of her Guidelines range of 78-97 months, because she had barely qualified for the safety valve. The court explained:

> I'm going to overrule the government's objection. I think Ms. Tournier has finally come forward and been forthright, although it's been a little bit of pulling teeth to get the information . . . . I guess I can see without condoning why she was reluctant to admit that she provided controlled substances to her children, and I think under the circumstances since she has prior to the hearing finally come forward with what now appears to be a complete and truthful rendition of the evidence, I will overrule the objection and grant her the "safety valve" that's been requested.

*　*　*　*　*

I do not think that this is a bottom-of-the-guideline range case. . . . The principal reason is the issue of "safety valve" was a very close call in this case, and I think I very well could have been justified in sustaining the government's objection which would have meant Ms. Tournier was at the ten-year mandatory minimum . . . . [B]ecause of the fact that Ms. Tournier's cooperation has been so begrudging in this case, although it finally did turn out to be sufficient -- although I emphasize barely sufficient -- to get the "safety valve," I believe something in at least the upper, above-the-middle point of sentencing guidelines range is appropriate in this case.

On appeal, the government argues we must review the district court's decision *de novo* because Tournier is not entitled to the safety valve as a matter of law. This contention is without merit. The court's decision is consistent with the plain language of § 3553(f)(5) -- "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." The government argues we should construe § 3553(f)(5) to prohibit sentencing courts from applying the safety valve to defendants who wait until the last minute to cooperate fully. The government also suggests that § 3553(f)(5) must be denied to those whose tardy or grudging cooperation burdens the government with a need for additional investigation. These factors are expressly relevant to other sentencing determinations, such as the third level of reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), and substantial assistance motions under U.S.S.G. § 5K1.1. But they are not a precondition to safety valve relief, which is even available to defendants who put the government to the expense and burden of a trial. See United States v. Shrestha, 86 F.3d 935, 940 (9th Cir. 1996). Of course, these factors may be considered by the sentencing court in finding whether a defendant "truthfully provided to the Government all information." But the government's contention that these factors should be written into the statute must be addressed to Congress or the Sentencing Commission, not this court.

Section 3553(f) specifically refers to the five safety valve criteria as findings. Thus, it is well settled we review the district court's application of § 3553(f) for clear error. See United States v. Romo, 81 F.3d 84, 86 (8th Cir. 1996). Limiting our review to the question of clear error, it is apparent we must affirm. The district court found that Tournier (1) truthfully provided, (2) to the government, (3) all information she had about the offense, (4) not later than the time of the sentencing hearing. The record supports these findings; indeed, the government does not contest them. The government instead argues the district court's application of § 3553(f)(5) conflicts with our decision in United States v. Long, 77 F.3d 1060 (8th Cir.), cert. denied, 519 U.S. 859 (1996). We disagree.

In Long we reviewed for clear error the *denial* of safety valve relief to a defendant who deliberately misled the government until her cross-examination at the sentencing hearing. Bearing in mind our deferential standard of review, we have no difficulty concluding that Long is factually distinguishable. For example, in Long the defendant did not "come clean" until she saw what the government was able to prove at the sentencing hearing, and even then she withheld information until confronted on cross-examination. In contrast, Tournier's full and truthful cooperation, though grudging and fitful, was completed before the sentencing hearing. The two cases may present only a difference in degree, not in kind, but subtle distinctions are important in fact finding, and they are for the sentencing court, not this court, to draw. Under the clear error standard, we need not agree with the district court's findings of disputed fact to affirm. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-75 (1985); United States v. Wells, 127 F.3d 739, 744-45 (8th Cir. 1997). Thus, even if Long and this case are largely indistinguishable, in the absence of an error of law it is appropriate to affirm in both cases.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.