# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1955

_____

United States of America,        *

                         *

        Appellee,        *

                         *   Appeal from the United States

     v.             *   District Court for the

                         *   District of Minnesota.

Alejandro Cisnero Castaneda, also   *

known as Gerardo Onofre-Martinez,  *   [PUBLISHED]

                         *

        Appellant.      *

_____

Submitted: August 4, 2000
Filed: August 9, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Alejandro Castaneda pleaded guilty of conspiring to possess cocaine and heroin with intent to distribute, in violation of 21 U.S.C. § 846, and was sentenced to sixty months imprisonment and five years supervised release. On appeal, he argues that the district court[1] erred in denying him a two-level "safety-valve" reduction under U.S. Sentencing Guidelines Manual § 2D1.1(b)(6) (1998), based upon the finding that he

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

had not been fully truthful in his statements to the government about the extent of his involvement in the conspiracy.

To qualify for a reduction under section 2D1.1(b)(6), "a defendant carries the burden of demonstrating that ʿhe has truthfully provided to the Government all information regarding the relevant crime before sentencing.'" See <u>United States v. Santana</u>, 150 F.3d 860, 864 (8th Cir. 1998) (quoted source omitted).  We conclude that the district court did not clearly err in determining that, as the government contended, Castaneda had not been fully truthful.  See <u>United States v. Tournier</u>, 171 F.3d 645, 647 (8th Cir. 1999) (standard of review).  The government's position was supported by the unobjected-to facts in the presentence report (PSR), <u>see</u> <u>United States v. Romo</u>, 81 F.3d 84, 86 (8th Cir. 1996) (affirming denial of safety-valve relief where, although defendant provided limited information about his crime to government, PSR indicated that he had not been fully truthful), and Castaneda did not introduce any evidence in support of his position, <u>cf.</u> <u>United States v. Rios</u>, 171 F.3d 565, 567 (8th Cir. 1999) (no plain error for district court to deny safety-valve relief when government contended at sentencing that defendant had not been truthful, and defendant failed to produce evidence showing that he had been).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.