# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1679NE

_____

United States of America,

Appellee,

v.

Gilberto M. Gomez, also known as
Jilberto Gomez-Martin, also known as
Jilberto Martin-Gomez, also known as
Jilberto Gomez-Martinez,

Appellant.

_____

No. 00-1680NE

_____

United States of America,

Appellee,

v.

Ramon Gomez-Martinez,

Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\* On Appeal from the United
\* States District Court
\* for the District of
\* Nebraska.
\*
\* [Not To Be Published]
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: April 24, 2001

Filed: May 7, 2001
_____

Before BRIGHT, RICHARD S. ARNOLD, and BEAM, Circuit Judges.
_____

PER CURIAM.

Gilberto M. Gomez and Ramon Gomez-Martinez each pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. At sentencing, the District Court[1] denied their requests for safety-valve relief, finding that neither of them had truthfully provided to the government all of the information he knew about the offense or offenses that were part of the same course of conduct or common scheme or plan. The Court sentenced Mr. Gomez to five years and ten months (seventy months) imprisonment, and five years supervised release; and Mr. Gomez-Martinez to five years (sixty months) imprisonment, and five years supervised release. On appeal, both of appellants' attorneys have filed briefs and moved to withdraw under Anders v. California, 386 U.S. 738 (1967). Mr. Gomez-Martinez has filed a pro se supplemental brief, but Mr. Gomez has not.

We conclude that the District Court did not clearly err in denying either appellant safety-valve relief. See United States v. Tournier, 171 F.3d 645, 647 (8th Cir. 1999) (standard of review). They did not satisfy their burdens to prove entitlement to such relief, see United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998) (defendant's burden), as they did not present argument or evidence in opposition to the prosecutor's

_____

[1]The Honorable William G. Cambridge, United States District Judge for the District of Nebraska, now retired.

-2-

description at sentencing of how they had not been fully truthful, cf. United States v. Rios, 171 F.3d 565, 567 (8th Cir. 1999) (no plain error for district court to deny safety-valve relief when government contended at sentencing that defendant had not been truthful, and defendant failed to produce evidence showing that he had been).

Mr. Gomez-Martinez's pro se arguments, relating to ineffective assistance of trial counsel, should be raised in 28 U.S.C. § 2255 proceedings. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995) (ineffective-assistance claims are ordinarily deferred to § 2255 proceedings).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and having found no nonfrivolous issues for appeal, we affirm the judgments of the District Court, and we grant counsels' motions to withdraw. We deny Mr. Gomez-Martinez's request for substitute appellate counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-