# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1378

———————

United States of America,         *
                                *

      Appellee,        *    Appeal from the United States
                                *    District Court for the
    v.                   *    District of Nebraska.
                                *

Amanda Black,          *    [UNPUBLISHED]
                                *

      Appellant.       *

———————

Submitted: September 14, 2005
Filed: September 21, 2005

———————

Before BYE, BRIGHT, and SMITH, Circuit Judges.

———————

PER CURIAM.

Amanda Black (Black) appeals the sentence imposed by the district court[1] claiming error resulting from the district court's failure to recognize its authority to depart in the calculation of criminal history points under the Sentencing Guidelines for purposes of determining eligibility under the "safety valve" provision of 18 U.S.C. § 3553(f). Black argues that the district court's approach violates the recent pronouncements in United States v. Booker, 125 S. Ct. 738 (2005).

———————

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

To qualify for "safety valve" relief from the mandatory minimum sentence, a defendant must establish that she meets all five of the statutory prerequisites. 18 U.S.C. § 3553(f); United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc). One such requirement states that a defendant shall not be eligible for "safety valve" relief if she has more than one criminal history point, as tabulated under the Sentencing Guidelines. 18 U.S.C. § 3553(f)(1).

"The district court's safety valve findings can be overturned only if they are clearly erroneous." Alvarado-Rivera, 412 F.3d at 947 (citation omitted). If the record supports the court's findings, this Court must affirm the district court. Id. (citing United States v. Tournier, 171 F.3d 645, 647 (8th Cir. 1999)).

It is undisputed that as tabulated under the Sentencing Guidelines, Black had three criminal history points, two of which were assigned for committing the instant offense while on probation. See U.S.S.G. § 4A1.1(d).

Booker is "wholly inapposite" to sentences arising under the statutory mandatory minimum. See United States v. Childs, 403 F.3d 970, 972 (8th Cir. 2005); United States v. Bolanos, 409 F.3d 1045, 1049 (8th Cir. 2005); United States v. Rojas-Coria, 401 F.3d 871, 874 n.4 (8th Cir. 2005). Indeed, Booker does not apply to the judicial determination of a prior conviction or to the calculation of criminal history points under the Sentencing Guidelines. See Booker, 125 S. Ct. at 756; United States v. Fagans, 406 F.3d 138, 141-42 (2d Cir. 2005) (criminal history calculation under the Guidelines did not implicate the Sixth Amendment); United States v. Carpenter, 406 F.3d 915, 917 (7th Cir. 2005) ("Criminal history is all about prior convictions; its ascertainment therefore is an issue of law excluded by Booker's own formulation. . . .").

The addition or subtraction of criminal history points for the purpose of determining "safety valve" eligibility is not allowed under the Sentencing Guidelines.

U.S.S.G. § 4A1.3(b)(3)(B); <u>Id</u>. § 5C1.2 cmt., app. note 1. <u>See</u> <u>also</u> <u>United States v.</u> <u>Robinson</u>, 158 F.3d 1291 (D.C. Cir. 1998). Section 3553(f) provides no discretion to a judge in calculating criminal history points in any manner other than that prescribed by the Sentencing Guidelines. Therefore, the district court correctly concluded that it did not have discretion to alter Black's criminal history points for purposes of determining "safety valve" eligibility.

We therefore affirm the district court.

_____