# United States Court of Appeals
## For the First Circuit

No. 06-2176

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN C. RODRIGUEZ-FERREIRA,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lipez, <u>Circuit Judge</u>,
Selya, <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

<u>Matthew M. Robinson</u> and <u>Robinson & Brandt, P.S.C.</u> on brief,
for appellant.
<u>Nelson Perez-Sosa</u>, Assistant United States Attorney, and
<u>Rosa Emilia Rodriguez-Velez</u>, United States Attorney, on brief for
appellee.

June 30, 2008

**Howard**, **Circuit Judge**.  Pursuant to a written plea agreement, Juan C. Rodriguez-Ferreira (Rodriguez) pleaded guilty to a two count indictment for conspiring to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and to possession with intent to distribute approximately thirty kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  The agreement stipulated various sentencing base level reductions so long as Rodriguez met all the safety valve requirements under the sentencing guidelines.  See U.S.S.G. § 5C1.2(a).  At the change of plea hearing Rodriguez was informed, and he acknowledged, that he could not be sentenced below the mandatory minimum sentence of 120 months unless he satisfied the five requirements of § 5C1.2(a).

It is uncontested that Rodriguez satisfied four of the five safety valve requirements.  The government contends, and the district court agreed, that Rodriguez did not fulfill the fifth requirement under 5C1.2(a), and thus Rodriguez did not fulfill his obligations under the plea agreement.  The court imposed a 120 months' sentence on July 15, 2003.  Rodriguez appeals, raising "the lone question of whether the district court incorrectly determined that Rodriguez [] did not satisfy each of

the factors under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the 'safety valve.'"

## I. SAFETY VALVE

U.S.S.G. § 5C1.2(a) provides in part:

[T]he court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:

(1)...
(5) **not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan,** but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Emphasis added.

We focus on the requirement that Rodriguez was truthfully to provide all of the information and evidence he had concerning the offense or offenses not later than the time of the sentencing hearing.

## II. STANDARD OF REVIEW

We review the sentencing court's factual findings supporting the adverse determination of safety valve eligibility for clear error. United States v. Marquez, 280 F.3d 19, 22 (1st Cir. 2002). Our review is thus deferential. Id. at 26. "[A]n appellate court ought not to disturb either findings of fact or

-3-

conclusions drawn there from unless the whole of the record compels a strong, unyielding belief that a mistake has been made." United States v. Matos, 328 F.3d 34, 40 (1st Cir. 2003). The district court's determination of an issue of statutory interpretation is reviewed de novo. Marquez, 280 F.3d at 22.

## III. BURDEN OF PROOF

Rodriguez bears the burden of showing that he made appropriate and timely disclosures to the government. Id. at 25; United States v. Richardson, 225 F.3d 46, 53 (1st Cir. 2000). This burden obliges Rodriguez to prove that the information he supplied in the relevant time frame was both truthful and complete. Marquez, 280 F.3d at 25. "[A] safety valve debriefing is a situation that cries out for straight talk; equivocations, half-truths, and veiled allusions will not do." Matos, 328 F.3d at 39. "Nothing short of truthful and complete disclosure will suffice [] and, therefore, [] truthful and complete disclosure is a condition precedent to relief under the safety valve." Id. "Full disclosure is the price that Congress has attached to relief under the [safety valve] statute." United States v. Montanez, 82 F.3d 520, 523 (1st Cir. 1996).

## IV. HEARINGS

The government debriefed Rodriguez. Finding his disclosures lacking, the government filed a notice with the court

-4-

that Rodriguez had not complied with § 5C1.2(a). Rodriguez asked the government to detail the specific areas in which he was not truthful or complete. The court held a hearing on Rodriguez's compliance on October 11, 2002. To assist it in deciding whether or not Rodriguez was compliant, the court requested memoranda on the arguments and case law. Subsequently, the court entered an order denying Rodriguez's request for a second debriefing. But, in light of the deadline established by § 5C1.2(a), the court also allowed Rodriguez to submit a writing in compliance by February 12, 2003. A hearing would then be scheduled, at which the government would be allowed to give voice to its position on Rodriguez's compliance with the safety valve requirement based on his written statement.

The originally scheduled April 1, 2003, sentencing hearing was called but was converted into an evidentiary hearing on Rodriguez's safety valve compliance. The court questioned Rodriguez directly. The government, having acquired Rodriguez's written statement shortly before the hearing, maintained its position that Rodriguez had not provided a truthful and complete statement regarding his criminal offense. Distilled to its essence, the government had evidence – pilot's logs - indicating Rodriguez's involvement with approximately 19 flights importing contraband. Rodriguez had maintained his involvement was limited

to four or five flights, "more or less."  The government also had a notarized statement from co-defendant Domingo Garcia that indicated Rodriguez was involved in the importation of some 290 kilograms of cocaine.  The court asked the government to provide copies of the pilot's logs that the government maintained proved Rodriguez was not forthcoming.  On April 8, 2003, the government submitted the logs, Garcia's statement, and other evidence.

By order dated June 11, 2003, the district court found Rodriguez had failed to satisfy the fifth requirement of the safety valve provisions and was ineligible for sentencing below the statutory minimum.  The sentencing hearing was called again on July 2, 2003, but was continued until July 15 at Rodriguez's request.  Just prior to the final hearing, Rodriguez filed a statement in which he confirmed that the pilot log entries were accurate.  His written statement also acknowledged that he had engaged in several transactions with co-defendant Domingo Garcia involving approximately 290 kilograms of cocaine.  Rodriguez insists that these admissions fulfilled his obligations under section 5C1.2(a).  The district court was less than impressed, noting that Rodriguez "had ample opportunity before the sentencing hearing to disclose information that he had on the offense, in a timely manner...[a]nd this handwritten statement

-6-

file[d] 20 minutes ago or 25 minutes ago is not a timely disclosure...."

## V. DISCUSSION

Rodriguez avers that he is entitled to another bite of the apple, because under the express language of 5C1.2(a) he need only provide a complete and truthful debriefing by the time of the sentencing hearing. The argument fails on two grounds. First, it ignores the fact that Rodriguez did not provide complete disclosure by the time of the sentencing hearing. Second, the safety valve provisions cannot mean that the district court must let a defendant nibble at the apple so as to frustrate the imposition of a sentence as justice demands. We briefly explain.

Rodriguez was debriefed on April 26, 2002. On February 10, 2003, Rodriguez filed additional statements clarifying his debriefing statements. The first sentencing hearing was scheduled for and held on April 1, 2003. As far as Rodriguez knew, he would be sentenced at that time. During the course of that hearing, Rodriguez was directly examined by the court. The following exchange took place concerning the declaration filed on February 10, 2003:

> **THE COURT:** What is stated there, is that all you know concerning this offense or any other scheme related to the offense that you were charged with?

**DEFENDANT RODRIGUEZ:** This is everything I know about this crime, your honor. Virtually everything I know has been specified here.

Based on the government's contrary evidence the district court denied the safety valve. In due course, sentencing was set to proceed further on July 2, 2003, and then again continued to July 15, 2003. Shortly before the July 15 sentencing hearing was convened, Rodriguez filed a statement acknowledging as true both the dramatically different statements of a co-conspirator, as well as the veracity of the pilot logs. Thus, twice after the initial sentencing hearing commenced, and after stating under oath that he had disclosed all he knew, Rodriguez provided new information and detail.

Even taking the language of 5C1.2(a) on the terms Rodriguez urges -- that the district court was required to accept debriefing information up to the time the sentencing hearing began -- Rodriguez nevertheless plainly had not provided a complete and truthful disclosure, and he thus defaulted on his obligation under the plea agreement. The district court clearly indicated, and the record clearly reflects, that the sentencing hearing began April 1, 2003. During the course of that hearing – after the sentencing hearing began – Rodriguez proffered new information. Again during the July 3, 2003 hearing Rodriguez attempted to maneuver into a new position, faced with the

-8-

information provided by the government. Finally, mere minutes before the July 15, 2003 continued sentencing hearing began, Rodriguez yet again proffered new information. Having materially amended his statement three times after the commencement of the sentencing hearing, it is all too obvious that Rodriguez had not been forthright.

In Matos, we held that the deadline for making truthful and complete disclosure is the moment that the sentencing hearing starts. Matos, 328 F.3d. 39. See also, United States v. Marin, 144 F.3d. 1085, 1091-92 (7th Cir. 1998); United States v. Long, 77 F.3d 1060, 1062 (8th Cir. 1996)(Per Curiam). Rodriguez's three day sentencing hearing began April 1, 2003, but even charitably viewing the hearing as commencing at a later date, Rodriguez's statements throughout his interactions with the court and with the government were, up until the very last moment, equivocations and half-truths. That the opportunity to provide information pursuant to the safety valve provisions may become foreclosed at the start of the sentencing hearing does not mean that the defendant gets to withhold material information until that moment. The obligation to provide truthful and complete information was a continuing one throughout the debriefing process.

Where, as here, a defendant puts the government on a starvation diet - providing morsels of information when the defendant is presented with the truth – he is engaged in artful manipulation, not complete and truthful disclosure.  Rodriguez's conduct does not come close to timely straight talk.

The sentence imposed by the district court is **affirmed**.