PRESENT: Lemons, C.J., Goodwyn, Mims, McClanahan, Kelsey, and McCullough, JJ., and Millette, S.J.

TERRANCE KEVIN HALL

OPINION BY
v. Record No. 180197                    SENIOR JUSTICE LEROY F. MILLETTE, JR.
                                                     December 20, 2018
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal concerns the so-called "safety valve" provision of Code § 18.2-248(C), providing for relief from mandatory sentences when the defendant truthfully provides all information and evidence concerning his offense to the Commonwealth "[n]ot later than the time of the sentencing hearing." In the instant case, the defendant provided the information immediately prior to the sentencing hearing, and the trial court determined that such motion was untimely and declined to rule on the merits. For the reasons stated herein, we reverse and remand.

I. FACTS AND PROCEEDINGS

Terrance Kevin Hall pled guilty to three counts of distribution of cocaine, second or subsequent offense, subject to the mandatory minimum sentencing provisions of Code § 18.2-248, and two counts of distribution of cocaine in a school zone. Sentencing was scheduled for 9 a.m. on February 22, 2017.

On the morning of sentencing, Hall filed a motion pursuant to the safety valve provision of Code § 18.2-248(C), which provides potential relief from mandatory minimum sentences, according to the following terms:

> The mandatory minimum term of imprisonment to be imposed for a violation of this subsection shall not be applicable if the court finds that:
>
> a.      The person does not have a prior conviction for an offense listed in subsection C of § 17-805;

b.     The person did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense or induce another participant in the offense to do so;

c.     The offense did not result in death or serious bodily injury to any person;

d.     The person was not an organizer, leader, manager, or supervisor of others in the offense, and was not engaged in a continuing criminal enterprise as defined in subsection I; and

e.     *Not later than the time of the sentencing hearing*, the person has truthfully provided to the Commonwealth all information and evidence the person has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the person has no relevant or useful other information to provide or that the Commonwealth already is aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Code § 18.2-248(C) (emphasis added). Hall attached to his motion a two-page, handwritten disclosure, which, according to the transcript, the Commonwealth received just prior to or at 9 a.m.

The sentencing hearing commenced sometime after 9 a.m., and the parties do not dispute that the Commonwealth received the disclosure prior to the commencement of the sentencing hearing. The trial court entertained the motion prior to sentencing. The Commonwealth argued:

> As of nine o'clock this morning when the sentencing hearing was to begin, this Defendant has never sat down with the Commonwealth, he's never sat down and answered any questions from law enforcement about the offenses in this particular case so he has not sufficiently gone through and done what he needs to do in order for him to avoid these minimum mandatories. . . . [I]f this has not been done before the time of the sentencing hearing, then it does not apply and he does not get the benefit.

Defense counsel responded that the Commonwealth received a disclosure from Hall before the judge took the bench to commence sentencing proceedings, rendering the disclosure timely.

The trial court stated that: "[W]hether or not there's been compliance with the statute is something that the Court has to determine and – and that probably requires the Commonwealth to have an opportunity to review this, look at it and – and make an argument about whether or not there's been compliance with the statute. *This Court has not reviewed this information* this morning, it's just been handed to the Court as well as the motion and simply put, I previously ruled and I think the Court of Appeals has held not later than sentencing hearing means that it means not the morning of the sentencing hearing, not before the case is called for sentencing. . . . [T]he motion is not timely and there has not been compliance with the statute as it's been filed this morning." (Emphasis added.)  The motion was denied.  Due to this ruling, the parties did not argue the merits of the disclosure's completeness or truthfulness.  Hall received the mandatory sentences and timely appealed.

The Court of Appeals upheld the trial court's denial of the motion, specifically ruling that subpart (e) does not provide for a bright line rule for timeliness but that timeliness depends on the time necessary to "test [the] statement for veracity and completeness."  Hall timely appealed to this Court, assigning error to the finding of the Court of Appeals that the trial court did not err due to Hall's failure to comply with Code § 18.2-248(C).

## II.  DISCUSSION

While a trial court's sentence is reviewed for abuse of discretion, to the extent that sentencing involves statutory construction, such construction is reviewed de novo.  The Court considers de novo the language "Not later than the time of the sentencing hearing" in Code § 18.2-248(C).

We have said:  "When the language of a statute is unambiguous, we are bound by the plain meaning of that language.  Furthermore, we must give effect to the legislature's intention

3

as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007) (citing *Campbell v. Harmon*, 271 Va. 590, 597-98 (2006); *Virginia Polytechnic Inst. & State Univ. v. Interactive Return Serv.*, 271 Va. 304, 309 (2006); *Boynton v. Kilgore*, 271 Va. 220, 227 (2006); *Williams v. Commonwealth*, 265 Va. 268, 271 (2003)). The parties agree that the language is unambiguous, and, while not bound by their concessions of law, we concur with this assessment. We now turn to the plain meaning of the language used, and whether the literal interpretation would result in a manifest absurdity.

A. *Plain Meaning*

"Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed." *Barr v. Town & Country Props., Inc.*, 240 Va. 292, 295 (1990).

"[T]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). "Not later than the time of the sentencing hearing" has the plain and definite meaning of up until, but not beyond, the commencement of the sentencing hearing.

The ruling in the primary Virginia appellate case to interpret this language comports with this understanding of the plain meaning. In *Sandidge v. Commonwealth*, 67 Va. App. 150 (2016), the Court of Appeals examined this same phrase to determine whether a motion made during a sentencing hearing could be considered timely. The Court of Appeals found the phrase to be unambiguous, stating:

> Sandidge argues that the phrase "[n]ot later than the time of the sentencing hearing" must be read to include the period comprising the sentencing hearing itself. However, that idea could just as easily have been expressed as "[n]ot later than the sentencing hearing." We cannot ignore the General Assembly's decision

4

to include the words "time of," because "every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary." *Baker v. Commonwealth*, 284 Va. 572, 577, 733 S.E.2d 642, 645 (2012) (quoting *Hubbard v. Henrico Ltd. P'ship*, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998)). When cases are set for sentencing . . . trial courts provide the parties a date and time. That time is a start time, not an end time. *Accordingly, the logical construction of the words "time of the sentencing hearing" is when the sentencing hearing begins.*

*Id.* at 159 (emphasis added). The Court of Appeals went on to state that "[w]e therefore hold that the phrase '[n]ot later than the time of the sentencing hearing' means prior to the commencement of the sentencing hearing." *Id.* at 160. This Court continues to agree with this primary holding in *Sandidge*.

Furthermore, Code § 18.2-248(C) invokes virtually the same operative language as a parallel United States Sentencing Guideline safety valve provision, to which federal courts have applied the same understanding. *See* 18 U.S.C.S. Appx. § 5C1.2 ("Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence . . . concerning the offense"). Federal courts have consistently ruled that disclosure under the safety valve may be made as long as it is prior to commencement of the sentencing hearing. *See, e.g., United States v. Galvon-Manzo*, 642 F.3d 1260, 1266 (10th Cir. 2011) (immediately prior to sentencing hearing not too late for safety valve purposes); *United States v. Matos*, 328 F.3d 34, 39 (1st Cir. 2003) ("not later than the time of the sentencing hearing" found to mean the deadline for disclosure is "the moment that the sentencing hearing starts"); *United States v. Brownlee*, 204 F.3d 1302, 1304-05 (11th Cir. 2000) (proffer the morning of the sentencing hearing was timely; case remanded for resentencing); *United States v. Schreiber*, 191 F.3d 103, 107-08 (2nd Cir. 1999) ("not later than the time of the sentencing hearing" allows a safety valve for any full disclosure prior to "the time of commencement of the sentencing hearing," whether accomplished piecemeal or at once); *United States v. Tournier*, 171 F.3d 645,

5

647 (8th Cir. 1999) (rejecting government's argument that safety valve should be withheld from defendants who wait until the last minute); *United States v. Marin*, 144 F.3d 1085, 1095 (7th Cir. 1998) (disclosure must occur "by the time of the commencement of the sentencing hearing"). These jurisdictions have consistently read this provision as we do today:  a disclosure is timely if made by the time of the commencement of a sentencing hearing.

### B.  *Manifest Absurdity*

Despite the plain language of the statute, the Commonwealth seeks to reframe the issue, stating:  "The sole issue on appeal is whether the circuit court erred by finding that Hall's statement was given too late to allow the circuit court *to make an intelligent determination* that he had satisfied Code § 18.2-248(C)(e)." (Emphasis added.)  The Commonwealth argues permitting such a late disclosure makes it impossible for the circuit court to intelligently weigh the truthfulness or completeness of the statement in order to determine whether it satisfied the statute.  Thus, the Commonwealth contends Code § 18.2-248(C)(e) is not satisfied by minimal avoidance of the deadline, but requires that the defendant produce sufficient evidence to support a sentencing court in "find[ing] that" he "has truthfully provided to the Commonwealth all information and evidence," as well as the time to do so.

Although the Commonwealth's argument could be construed to mean that the plain meaning must be driven by the trial court's preconceived purpose of the subsection, such an approach to statutory instruction would be erroneous.  *Conyers*, 273 Va. at 104 ("[W]e must give effect to the legislature's intention *as expressed by the language used*." (emphasis added)).  However, the Commonwealth does not truly dispute the plain meaning of the phrase itself, but rather argues the plain meaning must be altered in order that the overarching purpose of the subsection, requiring that the trial court make a finding, may be achieved.

6

Though the Commonwealth does not label it as such, its argument is more properly construed as an absurdity argument, invoking that little-used caveat completing the quote from *Conyers*: that we find legislative intent as expressed by the language "unless a literal interpretation of the language would result in a manifest absurdity." *Conyers*, 273 Va. at 104. We have said that absurdity "describes situations in which the law would be internally inconsistent or otherwise incapable of operation." *Covel v. Town of Vienna*, 280 Va. 151, 158 (2010) (internal quotation marks omitted). The Commonwealth argues that the statute would be inoperable, in light of the statute's call upon the court to make an actual finding as to the truthfulness and completeness of a disclosure, if the Court were to permit disclosures only moments before a sentencing hearing.

And yet we need only to turn to the numerous federal jurisdictions in which the similar safety valve statute is operable, and which permit disclosure immediately before sentencing, to find that this is not the case. Since the same plain language interpretation is proving legally workable in at least six federal circuits, it seems far from a manifest absurdity.[*] *See, e.g., United*

---

[*] *See, e.g., United States v. Galvon-Manzo*, 642 F.3d 1260, 1267 (10th Cir. 2011) (holding that "the resolution of disputes arising out of or relating to the debriefing process lies within the sound discretion of the district court," and that disclosures are timely if they occur prior to the commencement of the sentencing hearing); *United States v. Matos*, 328 F.3d 34, 39 (1st Cir. 2003) (declining to adopt a burden shifting rationale while maintaining that the deadline for disclosure is "the moment that the sentencing hearing starts"); *United States v. Brownlee*, 204 F.3d 1302, 1304-05 (11th Cir. 2000) (proffer to Government made morning of the sentencing hearing); *United States v. Schreiber*, 191 F.3d 103, 107-08 (2nd Cir. 1999) (ruling that a debriefing is not required for compliance with the safety valve provisions because it would effectively move the compliance deadline earlier in time, and that a prosecutor's refusal to meet with defendant should not preclude the trial court from ruling on the merits of a timely filed motion, because defendant may still provide a written disclosure and demonstrate a good faith attempt to cooperate); *United States v. Tournier*, 171 F.3d 645, 647 (8th Cir. 1999) (finding even last minute full cooperation comported with the requirements of the safety valve provision); *United States v. Marin*, 144 F.3d 1085, 1095 (7th Cir. 1998) (concluding that disclosure by the time of commencement, rather than during, the sentencing hearing, achieves the purpose of the statute by minimizing gamesmanship rewarding low-level defendants who truly cooperate).

*States v. Garcia*, 405 F.3d 1260, 1274-75 (11th Cir. 2005) (holding that a sentencing court may, in its discretion, continue a sentencing hearing to permit further debriefing upon motion of the defendant). The numerous federal jurisdictions interpreting the safety valve provision to allow filings made prior to commencement of sentencing demonstrate that this alleged impracticality is by no means "legally unworkable," even if it may not be the model of efficiency to have defendants present a disclosure on the day of sentencing. If the legislature wishes to expedite the process in Virginia, it is empowered to do so, but the Court is bound by the words of the statute insofar as it is workable.

The issue of timeliness must first be treated as a separate and distinct inquiry from the merits inquiry. *See, e.g.*, *Schreiber*, 191 F.3d at 105, 109 (remanding for a finding on the merits where the trial court disqualified at the threshold a timely filed disclosure without an evaluation of the truthfulness or completeness). The timeliness question is a simple, threshold issue: the defendant either made his disclosure "not later than the time of the sentencing hearing" or he did not. In this instance, there is no question that the disclosure was timely.

Nonetheless, the risk of last-minute yet procedurally timely disclosure is not irrelevant to the merits where, as here, the burden of production and of persuasion lies with the defendant. While the subsection does not explicitly set forth burdens of proof, "[i]n most cases, the party who has the burden of pleading a fact will have the burdens of producing evidence and of persuading the [factfinder] of its existence as well." 2 Kenneth S. Broun, McCormick on Evidence § 337 (7th ed. 2013). As clearly implied by the subsection and commonly practiced in Virginia, the burden to make the motion falls on the defendant seeking to invoke the safety-valve provision. "[B]urdens of producing evidence and of persuasion with regard to any given issue are both generally given to the same party." *Id.* Furthermore, while "the burden of pleading is

not a foolproof guide to the allocation of the burdens of proof," a "doctrine often repeated by the courts is that, where the facts with regard to an issue lie particularly in the knowledge of a party, that party has the burden of proving the issue." *Id.* The burden of proof must be on the defendant to demonstrate he has provided to the Commonwealth all information he has concerning the offenses. *See also Matos*, 328 F.3d at 39 ("A defendant bears the burden of showing that he made appropriate and timely disclosure to the government. This burden obliges the defendant to prove to the court that the information he supplied in the relevant time frame was both truthful and complete.").

The defendant enters this type of last minute disclosure at his own risk: the trial court is within its discretion to disbelieve a self-serving disclosure if it appears incomplete or untruthful, and the court is entitled to consider the last-ditch nature of the effort or previous untruths into that calculus. *See Brownlee*, 204 F.3d at 1304-05; *Schreiber*, 191 F.3d at 108; *Tournier*, 171 F.3d at 647 (all noting that prior untruths or last minute disclosures do not automatically disqualify a defendant from safety valve relief but become part of the mix of evidence in evaluating the truthfulness and completeness of the disclosure). The trial court is entitled to use its discretion in determining whether to allow the defendant to augment his filed disclosure through in-court testimony or through the granting of a continuance to allow the Commonwealth to investigate and verify that the information presented by the defendant is full and complete.

The risk facing a defendant who waits until the last minute to file a motion under Code § 18.2-248(C) is enhanced if the prosecutor invites the trial court to review and reject, on the merits, a defendant's unverified disclosure. "The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case." *Virginia Fuel Corp. v. Lambert Coal Co.*, 291 Va. 89,

9

104-05 (2016) (citation omitted). The trial court's discretion whether to grant a motion for a continuance made *on the defendant's behalf* would necessarily take into account whether the defendant has apparently exercised due diligence and good faith in attempting to present a complete and truthful disclosure to the Commonwealth by the statutory deadline. The denial of such a motion can be overturned only when the defendant can demonstrate an "abuse of discretion *and* resulting prejudice." *Id.* (emphasis in original) (citation omitted).

Here, however, the trial court, refusing the motion as per se untimely, stated clearly on the record that it had not read the motion and refused to review the substance of the included disclosure. In doing so, the trial court declined to make any finding on the merits as to the veracity and completeness of the claim. The sole basis for refusing the motion was the last-minute nature of the disclosure. While the timing of the disclosure may weigh into a trial court's consideration on the merits, the court may not bar a motion as untimely based on a last-minute disclosure when such disclosure was nonetheless timely made: that is, not later than the commencement of the sentencing hearing.

### III. CONCLUSION

Because disclosure was timely made to the Commonwealth, the motion was timely and warrants consideration on the merits by the trial court for the completeness and truthfulness of the disclosure as well as any further disclosure made to the Commonwealth before resentencing.

The sentences are hereby vacated, and the case is reversed and remanded for proceedings consistent with this opinion.

*Reversed and remanded.*

10