UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Chafin and Malveaux
Argued at Norfolk, Virginia


ANDERSON WRIGHT, S/K/A
 ANDERSON JEVON WRIGHT                    MEMORANDUM OPINION* BY
                                          JUDGE MARY BENNETT MALVEAUX
v.      Record No. 1399-16-1              AUGUST 1, 2017

CITY OF VIRGINIA BEACH


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          A. Bonwill Shockley, Judge

            Roger A. Whitus, Assistant Public Defender, for appellant.

            Kathleen A. Keffer, Assistant City Attorney (Mark D. Stiles, City
            Attorney; Christopher S. Boynton, Deputy City Attorney; Gerald L.
            Harris, Associate City Attorney, on brief), for appellee.


        Anderson Wright ("appellant") appeals his conviction of disturbing the peace, in

violation of Virginia Beach City Code § 23-10.  On appeal, he argues the trial court erred when it

denied his motion to dismiss because the city ordinance is both unconstitutionally vague and

overbroad.  For the reasons stated below, we disagree and affirm the judgment of the trial court.

                                    I.  BACKGROUND

        The parties stipulated to the following facts.  On September 21, 2015, appellant's

daughter was waiting at a bus stop.  She became involved in an argument with another child,

B.B.  Appellant's daughter returned home and told appellant about the argument.  Appellant and

his daughter returned to the bus stop, where appellant argued with B.B., poking and shoving him.

Appellant and B.B. then went to B.B.'s home, where appellant beat on the door and began an

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

argument with Laura Bellante, B.B.'s mother. When Bellante told appellant she was going to call the police, appellant stated, "I don't care about no cops. I'll kill you and your whole family." Bellante testified that she was put in fear by appellant's statement.

Appellant was charged with disturbing the peace, in violation of Virginia Beach City Code § 23-10. Convicted of this charge in general district court, appellant appealed to the City of Virginia Beach Circuit Court.[1] In the circuit court, appellant filed a motion to dismiss the charge of disturbing the peace, arguing that Virginia Beach City Code § 23-10 is unconstitutionally vague on its face and overbroad as applied to speech.

The parties argued the motion, which the court took under advisement and subsequently denied. Relying on an unpublished opinion of this Court, Tucker v. Commonwealth, No. 1697-00-1, 2001 Va. App. LEXIS 412 (Va. Ct. App. July 10, 2001), the trial court found the plain meaning of the ordinance apparent from its face and concluded the ordinance is specifically written to focus on conduct and actions leading to violence.[2] Appellant entered a conditional guilty plea pursuant to Code § 19.2-254 and timely noted his appeal to this Court.

---

[1] Appellant was separately convicted in the juvenile and domestic relations district court of assault and battery, in violation of Code § 18.2-57. After he appealed to the circuit court, the Commonwealth entered a *nolle prosequi* to this charge.

[2] The trial court acknowledged that the defendant in Tucker was prosecuted under an earlier version of Virginia Beach City Code § 23-10, which prohibited "disturb[ing] the peace of others by violent, tumultuous, *offensive*, or obstreperous conduct or by threatening, challenging to fight, assaulting, fighting or striking another." Tucker, 2001 Va. App. LEXIS 412, at *4 (emphasis added). The term "offensive" was struck from the ordinance two years prior to appellant's charged conduct. See Va. Beach, Va. Ordinance 3302 (Aug. 13, 2013) (amending Va. Beach City Code § 23-10 to strike "offensive" from the phrase "violent, tumultuous, offensive or obstreperous conduct").

## II. ANALYSIS

Appellant's assignments of error raise questions of both constitutional interpretation and statutory construction, which we review *de novo*.[3] Turner v. Commonwealth, 67 Va. App. 46, 56, 792 S.E.2d 299, 303 (2016). However, we begin our review by acknowledging that "[w]hen the constitutionality of an act is challenged, a heavy burden of proof is thrust upon the party making the challenge. All laws are presumed to be constitutional and this presumption is one of the strongest known to the law." Webb v. Commonwealth, 32 Va. App. 337, 347, 528 S.E.2d 138, 143 (2000) (quoting Harrison v. Day, 200 Va. 764, 770, 107 S.E.2d 594, 598 (1959)). Further, "[w]e are required to resolve any reasonable doubt concerning the constitutionality of a law in favor of its validity." Tanner v. City of Va. Beach, 277 Va. 432, 438, 674 S.E.2d 848, 852 (2009). "[T]he Constitution is to be given a liberal construction so as to sustain the enactment in question, if practicable." Webb, 32 Va. App. at 347, 528 S.E.2d at 143. And "if a statute or ordinance can be construed reasonably in a manner that will render its terms definite and sufficient, such an interpretation is required." Tanner, 277 Va. at 438-39, 674 S.E.2d at 852. See also Pedersen v. City of Richmond, 219 Va. 1061, 1065, 254 S.E.2d 95, 98 (1979). Such enactments "will not be stricken down as repugnant to the [C]onstitution unless their invalidity clearly and conclusively appears." Willis v. Commonwealth, 10 Va. App. 430, 441, 393 S.E.2d 405, 410 (1990).

> In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct,

---

[3] We note that "[a]s a term of municipal law, [ordinance] is equivalent to either 'law' or 'statute' as a term of state legislative action. . . . Both ordinances and laws are acts of a deliberative, representative and legislative body. An ordinance, duly enacted, has the force and effect of law. It is a law." Southern R. Co. v. Danville, 175 Va. 300, 306, 7 S.E.2d 896, 898 (1940).

> should uphold the challenge only if the enactment is impermissibly vague in all of its applications.

Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982), quoted with approval in Muhammad v. Commonwealth, 269 Va. 451, 497, 619 S.E.2d 16, 42 (2005). Accordingly, we first consider whether Virginia Beach City Code § 23-10 is unconstitutionally overbroad.

## A.  Overbreadth

"A statute may be overbroad if it 'is one that is designed to burden or punish activities which are not constitutionally protected, but the statute includes within its scope activities which are protected by the First Amendment.'" Parker v. Commonwealth, 24 Va. App. 681, 690, 485 S.E.2d 150, 154 (1997) (quoting Woolfolk v. Commonwealth, 18 Va. App. 840, 851, 447 S.E.2d 530, 536 (1994)).  "If a penal statute proscribes both conduct and speech, 'the overbreadth of the statute must . . . be substantial . . . in relation to the statute's plainly legitimate sweep.'" Id. (quoting Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973)).  "Moreover, courts are especially reluctant to invalidate a statute on facial overbreadth grounds when the prohibited conduct 'falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct.'" Singson v. Commonwealth, 46 Va. App. 724, 745-46, 621 S.E.2d 682, 692 (2005) (quoting Broadrick, 413 U.S. at 615).  Thus, "there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court for [the statute] to be facially challenged on overbreadth grounds." Woolfolk, 18 Va. App. at 852, 447 S.E.2d at 536 (quoting City Council v. Taxpayers for Vincent, 466 U.S. 789, 801 (1984) (alteration in original)).  "Invalidation for overbreadth is 'strong medicine' that is not to be 'casually employed.'" United States v. Williams, 553 U.S. 285, 293 (2008) (quoting Los Angeles Police Dep't v. United Reporting Publ'g Corp., 528 U.S. 32, 39 (1999)).  Such

- 4 -

invalidation has been used "sparingly and only as a last resort" and "has not been invoked when a limiting construction has been or could be placed on the challenged statute." Broadrick, 413 U.S. at 613.

"The first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." Williams, 553 U.S. at 293. In making an overbreadth assessment, "we consider the actual text of the statute as well as any limiting constructions that have been developed." Boos v. Barry, 485 U.S. 312, 329 (1988).

The ordinance at issue, Virginia Beach City Code § 23-10, provides that "[i]t shall be unlawful . . . for any person to disturb the peace of others by violent, tumultuous or obstreperous conduct or by threatening, challenging to fight, assaulting, fighting or striking another."

Appellant acknowledges legislatures can regulate fighting words, true threats, and conduct that has a direct tendency to cause violence by others. He also acknowledges cities may enforce narrowly drawn ordinances prohibiting such activities. However, appellant disagrees with the characterization of the Virginia Beach ordinance as a fighting words statute. Relying upon dictionary definitions of "obstreperous" and "tumultuous," appellant maintains a substantial amount of constitutionally protected speech may be described by those terms, including such speech acts as flag-burning or wearing a jacket emblazoned with the words "F--k the Draft." See Texas v. Johnson, 491 U.S. 397 (1989); Cohen v. California, 403 U.S. 15 (1971). Since these famous examples of protected political speech acts could be defined as "tumultuous" or "obstreperous," appellant argues, Virginia Beach City Code § 23-10 goes beyond prohibiting well-defined, narrowly limited classes of speech and regulates "precisely the type of conduct that the First Amendment shields." Thus, the ordinance is unconstitutionally overbroad.

We disagree with appellant's argument that a substantial amount of constitutionally protected speech is implicated by the ordinance. Instead, we find that plain language of Virginia Beach City Code § 23-10 is unambiguous and prohibits only conduct or speech which is violent or inductive of violence.[4] Put simply, the ordinance is a breach of the peace ordinance directed solely at constitutionally unprotected actions and speech. See, e.g., Taylor v. Commonwealth, 11 Va. App. 649, 653, 400 S.E.2d 794, 796 (1991) ("A breach of the peace is an act of violence or an act likely to produce violence.").

"When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Commonwealth v. Leone, 286 Va. 147, 150, 747 S.E.2d 809, 811 (2013) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)). In addition, "the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." Sandidge v. Commonwealth, 67 Va. App. 150, 158, 793 S.E.2d 836, 840 (2016) (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)).

Here, by its plain meaning, much of the ordinance's language clearly prohibits violent, constitutionally proscribable acts, such as "assaulting, fighting or striking another" and "violent

---

[4] As we find that the plain language of Virginia Beach City Code § 23-10 is unambiguous and prohibits only conduct or speech which is violent or inductive of violence, we need not address the City of Virginia Beach's argument that in Tucker, 2001 Va. App. LEXIS 412, this Court found that Code § 23-10 is a breach of the peace ordinance, and as such does not fail overbreadth challenges simply because it may be capable of some unconstitutional applications. In addition, we note that Tucker is an unpublished decision of this Court and thus not controlling. See Stokes v. Commonwealth, 61 Va. App. 388, 395 n.3, 736 S.E.2d 330, 334 n.3 (2013); Rule 5A:1(f) (stating that unpublished opinions may be cited as informative, "but shall not be received as binding authority"). Further, the defendant in Tucker challenged only the sufficiency of the evidence to sustain his conviction under Virginia Beach City Code § 23-10, and not the constitutional soundness of the ordinance.

. . . conduct." Cf. Code §§ 18.2-57, -57.2 (penalizing assault and battery); Code § 18.2-405 (defining and penalizing riot as the "unlawful use . . . of force or violence which seriously jeopardizes the public safety, peace or order"). Other language in Virginia Beach City Code § 23-10, plainly read, prohibits true threats and fighting words, i.e., "threatening, [or] challenging to fight, . . . another." This speech and conduct also falls outside constitutional protections. Cf. Code § 18.2-60 (penalizing threats to kill or do bodily injury to another); Code § 18.2-416 (penalizing the use, in the presence or hearing of another, of "violent abusive language . . . under circumstances reasonably calculated to provoke a breach of the peace").

The terms most vociferously challenged by appellant, "obstreperous" and "tumultuous," are likewise references to conduct which is violent or likely to cause violence. We note that tumultuous conduct is "marked by tumult : full of commotion or uproar : RIOTOUS, STORMY, BOISTEROUS . . . marked by violent or overwhelming turbulence or upheaval."[5] Webster's Third New International Dictionary 2462 (2002). We also note that obstreperous conduct is "marked by or engaging in aggressive noisiness : LOUD, CLAMOROUS . . . stubbornly defiant : resisting control or restraint often with a show of noisy disorder : TURBULENT, UNMANAGEABLE." Id. at 1559. Both terms clearly indicate conduct which transcends the merely irritating or pestering, and goes beyond hallowed, protected political speech. Rather, they indicate speech and conduct which is violent, riotous, uncontrolled and disordered, or likely to produce a violent response, and thus beyond constitutional protection.

This plain language reading of the ordinance avoids an otherwise curious and strained construction, which would have the ordinance reach two different modes of conduct: that which is violent or likely to cause violence, and that which is not. See Sandidge, 67 Va. App. at 158,

---

[5] Further, a "tumult" is defined as "disorderly and violent movement, agitation or moving about, of a crowd . . . a noisy and turbulent popular uprising : DISTURBANCE, RIOT." Webster's Third New International Dictionary 2462 (2002).

793 S.E.2d at 840. This reading of the ordinance also comports with our duty to resolve any reasonable doubts about its constitutionality in favor of its validity, and to sustain the ordinance, if possible, through a reasonable construction that renders it constitutionally definite. See Tanner, 277 Va. at 438-39, 674 S.E.2d at 852; Pedersen, 219 Va. at 1065, 254 S.E.2d at 98. It also upholds the presumed constitutionality of Virginia Beach City Code § 23-10 in the face of an overbreadth challenge that fails to demonstrate clear and conclusive constitutional infirmity. See Webb, 32 Va. App. at 347, 528 S.E.2d at 143 (noting the presumption and the "heavy burden of proof . . . thrust upon the party making the [constitutionality] challenge"); Willis, 10 Va. App. at 441, 393 S.E.2d at 410. Since the activities encompassed by the ordinance are not protected by the First Amendment, Virginia Beach City Code § 23-10 "falls within the scope of . . . valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct." Singson, 46 Va. App. at 745-46, 621 S.E.2d at 692 (quoting Broadrick, 413 U.S. at 615). Because the ordinance does not reach constitutionally protected conduct, it is constitutionally sound and not overbroad.

### B. Vagueness

"A penal statute is unconstitutionally void-for-vagueness if it does not 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" Parker, 24 Va. App. at 687, 485 S.E.2d at 153 (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)); see also Williams, 553 U.S. at 304. However, where a statute or ordinance "implicates no constitutionally protected conduct," a court "should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Hoffman Estates, 455 U.S. at 494-95. Thus, "[a] court should therefore

examine the complainant's conduct before analyzing other hypothetical applications of the law." Id. at 495.

Here, appellant's vagueness argument does not focus upon his own conduct. Instead, appellant poses hypotheticals about the ordinance's applicability to other persons in other circumstances. Appellant does not claim that when he beat on the door of B.B.'s home and told B.B.'s mother, "I'll kill you and your whole family," his actions fell outside the ordinance's prohibition of violent conduct and threats. Neither does appellant argue that Virginia Beach City Code § 23-10 failed to give him sufficient notice that his conduct was prohibited. Nor does appellant allege he was subject to arbitrary and discriminatory enforcement of the ordinance. Because appellant clearly violated the plain language provisions of Virginia Beach City Code § 23-10, it cannot be said that "the [ordinance] is impermissibly vague in all its applications," and appellant "cannot complain of the vagueness of the law as applied to . . . others." Hoffman Estates, 455 U.S. at 495. Consequently, appellant's vagueness challenge fails.

## III. CONCLUSION

For the foregoing reasons, we conclude Virginia Beach City Code § 23-10 is not unconstitutionally overbroad or vague. We therefore affirm appellant's conviction.

Affirmed.