COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Alston and AtLee
Argued by teleconference

TERRANCE KEVIN HALL

v.      Record No. 0481-17-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RICHARD Y. ATLEE, JR.
JANUARY 9, 2018

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

Yvonne Z. Schewel (Yvonne Z. Schewel LLC, on brief), for
appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


A judge of the Circuit Court of the City of Lynchburg sentenced Terrance Kevin Hall to

three mandatory minimum periods of incarceration in connection with his pleas of guilty to

certain drug distribution offenses. On appeal, Hall argues that the circuit court erred when it

imposed those mandatory minimum sentences. We disagree, and affirm.

I. BACKGROUND

The evidence is undisputed. On three dates in late 2014, Hall sold cocaine. The

Commonwealth charged him with three counts of distribution of cocaine, second or subsequent

offense, in violation of Code § 18.2-248, and the circuit court later convicted him of those

offenses.[1] Sentencing occurred in February 2017. On the day of sentencing, just before Hall's

hearing was to begin, his attorney provided the Commonwealth a copy of a two-page summary

_____

[1] Because two of the drug sales occurred near a school, the circuit court also convicted
Hall of two separate felony counts of distribution of drugs in a school zone. Hall did not
challenge those convictions.

of the three drug transactions that formed the basis for his charges. The document was handwritten by Hall, and the last paragraph stated:

> I'm sorry I don't have any information as far as the supplier goes. The only knowledge I had of the man was a phone number. We did not really associate on a personal level[;] the relationship was purely business. I only called and placed an order and I'd meet him, that was the extent of our relationship. He would only be recognizable to me by sight.

During the sentencing hearing, Hall moved the circuit court not to impose the mandatory minimum periods of incarceration ("the mandatory minimums") otherwise required upon a conviction of a second or subsequent offense of distribution of cocaine. Hall provided a written motion to the circuit court, which included the handwritten document as an attachment.

Code § 18.2-248(C) contains a five-factor test ("the safety valve provision"). If a trial court finds that a defendant has complied with all five factors, the mandatory minimums do not apply. Hall's motion addressed each factor, and he argued that because he had satisfied all five factors, the mandatory minimums were inapplicable. The only factor about which the parties disagreed was subpart "e," which requires that "[n]ot later than the time of the sentencing hearing, the person has truthfully provided to the Commonwealth all information and evidence the person has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." The circuit court denied Hall's motion, finding that "the motion is not timely and there has not been compliance with the statute." For each of the three counts of cocaine distribution, second or subsequent offense, the circuit court sentenced Hall to five years in the penitentiary, with two years suspended, for a total sentence on those charges of fifteen years in the penitentiary with six years suspended. Hall then noted this appeal.

II. ANALYSIS

We review sentencing decisions for abuse of discretion. Commonwealth v. Greer, 63 Va. App. 561, 567, 760 S.E.2d 132, 135 (2014). When those decisions "involve the

interpretation of a statute or the common law, such an interpretation is a question of law reviewed *de novo* on appeal." Id. at 568, 760 S.E.2d at 135. In this case, the circuit court convicted Hall of three counts of distribution of cocaine, second or subsequent offense, in violation of Code § 18.2-248(C). That subsection provides that any person convicted of a second or subsequent offense of distribution of cocaine "may, in the discretion of the court or jury imposing the sentence, be sentenced to imprisonment for life or for any period not less than five years, three years of which shall be a mandatory minimum term of imprisonment to be served consecutively with any other sentence." However, later in Code § 18.2-248(C), the safety valve provision states as follows:

> The mandatory minimum term of imprisonment to be imposed for a violation of this subsection shall not be applicable if the court finds that:
>
> a. The person does not have a prior conviction for an offense listed in subsection C of [Code] § 17.1-805;
>
> b. The person did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense or induce another participant in the offense to do so;
>
> c. The offense did not result in death or serious bodily injury to any person;
>
> d. The person was not an organizer, leader, manager, or supervisor of others in the offense, and was not engaged in a continuing criminal enterprise as defined in subsection I; and
>
> e. Not later than the time of the sentencing hearing, the person has truthfully provided to the Commonwealth all information and evidence the person has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the person has no relevant or useful other information to provide or that the Commonwealth already is aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

This appeal raises a question similar to that in Sandidge v. Commonwealth, 67 Va. App. 150, 793 S.E.2d 836 (2016).  In that case, Sandidge's attempt to invoke the safety valve provision of Code § 18.2-248(C) came only after the start of the sentencing hearing.  As is the case here, the only factor at issue in Sandidge was subpart "e."  Sandidge argued on appeal that the statutory language from subpart "e" requiring that the disclosure of information be made "[n]ot later than the time of the sentencing hearing" meant only that the disclosure of information needed to occur prior to the end of the sentencing hearing.  Id. at 158, 793 S.E.2d at 840.  The Commonwealth argued that such language meant that the disclosure needed to occur prior to the beginning of the sentencing hearing.  Id.  A panel of this Court agreed with the Commonwealth and held that "the phrase '[n]ot later than the time of the sentencing hearing' means prior to the commencement of the sentencing hearing."  Id. at 160, 793 S.E.2d at 841 (alteration in original).  Because Sandidge had not provided his information until after the sentencing hearing had begun, it was untimely and his sentence was affirmed.

Here, Hall argues that he complied with the requirement that disclosure occur prior to the beginning of the sentencing hearing.  He acknowledges that Sandidge held that providing the information at any time after the commencement of the sentencing hearing is *per se* untimely. He urges us to validate his suggested corollary:  providing that information at any time before the commencement of the sentencing hearing is *per se* timely, and thus Hall's disclosure here satisfied subpart "e."  This is an oversimplification, because it fails to account for the requirement that the information disclosed be truthful and complete.

The safety valve provision of Code § 18.2-248(C) is unambiguous.  Sandidge, 67 Va. App. at 157, 793 S.E.2d at 840.  Thus we apply the plain meaning of the words rather than resorting to any rule of statutory construction.  Kohl's Dep't Stores v. Va. Dep't of Taxation, 294 Va. 57, 65, 803 S.E.2d 336, 340 (2017).  Furthermore, "it is our duty to interpret the several parts

of a statute as a consistent and harmonious whole so as to effectuate the legislative goal." <u>Va. Elec. & Power Co. v. Bd. of Cty. Supervisors</u>, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983). Subpart "e" contains not just a timing component for the provision of information ("[n]ot later than the time of the sentencing hearing") but also an accuracy and completeness component ("truthfully provided . . . all information and evidence").

> This requirement of truthfulness is meaningless unless the Commonwealth has an opportunity to assess and validate the defendant's information. Without the ability to test a statement for veracity and completeness, courts would be required to assume the truth, and the full disclosure, of statements given by a felon at sentencing for the purpose of avoiding a decade-long mandatory prison term. Given the strong incentive any defendant has to avoid such a lengthy sentence, the General Assembly quite reasonably drafted a statute that permits the courts and the Commonwealth to guard against the provision of false and/or incomplete information.

<u>Sandidge</u>, 67 Va. App. at 159-60, 793 S.E.2d at 841. In order to comply with subpart "e," a defendant must provide the information not just "prior to the commencement of the sentencing hearing," <u>id.</u> at 160, 793 S.E.2d at 841, but far enough in advance of that hearing to permit the Commonwealth to "test [the] statement for veracity and completeness," <u>id.</u> at 159, 793 S.E.2d at 841.[2] Only when information is verified in this way can a trial court determine that a defendant has complied with subpart "e."

Although we recognize the utility a brighter line would provide, we cannot prospectively declare that providing information a certain number of hours or days before the start of a

---

[2] There is no practical reason evident from the record that Hall could not have provided his information further in advance of the sentencing hearing. Although we recognize that frequently, a defendant does not decide to plead guilty to a criminal charge until shortly before trial, in the cases on appeal here, Hall entered his pleas over the course of several months in the Fall of 2016. On December 28, 2016, he pleaded guilty to the final charge on appeal, and the circuit court continued all of the cases to February 22, 2017 for sentencing. That left Hall with nearly two months during which to decide whether to attempt to avail himself of the safety valve provision, and to provide information necessary to comply with subpart "e" of that provision.

sentencing hearing will or will not be timely.[3] "[S]ince such restrictive language is not written in the statute it may not be added under the guise of interpretation." S. Ry. Co. v. Commonwealth, 206 Va. 831, 836, 147 S.E.2d 72, 75 (1966). Trial courts must make that determination case-by-case, because the assessment of timeliness (like the related requirements of truthfulness and completeness) is a qualitative undertaking, not a quantitative one. Here, we find that Hall's disclosure of information moments before the start of the sentencing hearing was untimely, because it did not afford the Commonwealth the opportunity "to test [the] statement for veracity and completeness." Sandidge, 67 Va. App. at 159, 793 S.E.2d at 841.[4] This failure left the circuit court unable to determine whether Hall had complied with subpart "e."

III. CONCLUSION

Hall's attempt to avoid imposition of the mandatory minimum sentences by complying with the safety valve provision of Code § 18.2-248(C) came too late, failing to afford the Commonwealth the opportunity to assess his information "for veracity and completeness." Id. at at 159, 793 S.E.2d at 841. This failure left the circuit court unable to determine whether Hall had complied with subpart "e" of the safety valve provision. For these reasons, the circuit court did not abuse its discretion when it imposed the mandatory minimum sentences upon Hall.

Affirmed.

---

[3] Indeed, as the Commonwealth acknowledged at oral argument in this case, there could be circumstances when disclosure just before sentencing, as occurred here, might satisfy subpart "e." Oral Argument Audio at 11:31 to 11:46 (Dec. 7, 2017).

[4] Bearing further on the issue of veracity and completeness, it is noteworthy that during the presentence investigation, Hall was uncooperative when asked by the probation officer about his level of drug involvement in the community. Additionally, Hall denied affiliation with any gang, despite, according to Virginia Department of Corrections records, being a confirmed member of the "Crips" gang.