UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Alston, Chafin and Malveaux
Argued at Salem, Virginia


RONNIE LEE STONE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0347-17-3          JUDGE MARY BENNETT MALVEAUX
                                                    MARCH 27, 2018

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

James C. Martin (Martin & Martin Law Firm, on brief), for
appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Pursuant to guilty pleas, Ronnie Lee Stone ("appellant") was convicted of five counts of

distribution of cocaine, second or subsequent offense, in violation of Code § 18.2-248(C).[1]  On

appeal, appellant challenges the sentences imposed for four of these convictions, arguing that the

trial court erred in imposing the mandatory minimum sentences.  We disagree, and affirm.

I.  BACKGROUND

Pursuant to a joint stipulation of facts, the evidence adduced at trial established that

throughout the month of October of 2015, a confidential informant went to appellant's residence

and bought cocaine from him at that location.  Based upon these controlled buys, law

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] At the time he entered these pleas, appellant also pled guilty to one charge of possession of a firearm while possessing cocaine with intent to distribute, in violation of Code § 18.2-308.4(C), and one charge of possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2(A).  Appellant does not challenge these convictions or the sentences imposed on appeal.

enforcement executed a search warrant at appellant's residence on October 30, 2015. In the master bedroom, officers found cash, marijuana, scales, a clear plastic bag with crack cocaine, and a Crown Royal bag containing crack cocaine. In addition, they found a loaded AK-47 assault rifle propped up against the bed, and a loaded AK-47 magazine in a nightstand next to the assault rifle. Police also found a box of baggies on a kitchen table. The total amount of cash recovered from the home was $12,456.

On November 21, 2016, appellant pled guilty to five counts of distribution of cocaine, second or subsequent offense, in violation of Code § 18.2-248(C). The charged offense dates were October 9, 21, 26, 28, and 30 of 2015.

At the sentencing hearing, the Commonwealth proffered that the assault rifle was located in a bedroom which contained items belonging to appellant. The Commonwealth further proffered a statement from appellant's codefendant, his wife. She had stated that about two months prior to the execution of the search warrant on October 30, 2015, appellant had "obtained the firearm from a relative and had it in the house for protection" because they had been "robbed previously."

Appellant's counsel asked the court at the sentencing hearing to waive the mandatory minimum sentences pursuant to Code § 18.2-248(C). The Commonwealth argued that the statutory waiver provision did not apply because appellant possessed a firearm in connection with the offense. After hearing argument, the court found that appellant

> has not met the [waiver] requirements under [Code § 18.2-248(C)]
> and that he did possess a firearm in connection with the offense.
> As stipulated on the evidence, the firearm was purchased two
> months prior to . . . October 30th. That puts the other offense dates
> within that time[ ]frame, and it was a loaded AK-47, thirty rounds,
> also clips, a second clip found in the nightstand. It was there for
> protection. He had been robbed previously, two months in
> conjunction with, it was no indication that he reported it to police,
> and it dealt with his business. He had no other business and from

what the stipulated evidence is, . . . the Court finds the waiver is not applicable.

The sentencing order reflects that appellant was sentenced to three years of active incarceration for each of the five distribution of cocaine charges, which is the mandatory minimum sentence pursuant to Code § 18.2-248(C).  Appellant appeals the sentencing order to this Court.[2]

## II.  ANALYSIS

On appeal, appellant argues that the trial court erred in imposing the mandatory minimum sentence on four of the five distribution of cocaine, second or subsequent offense, charges, because it incorrectly found that the mandatory minimum waiver provision of Code § 18.2-248(C) did not apply.[3]

We review sentencing decisions for abuse of discretion.  Commonwealth v. Greer, 63 Va. App. 561, 567, 760 S.E.2d 132, 135 (2014).  When those decisions "involve the interpretation of a statute or the common law, such an interpretation is a question of law

---

[2] Following the sentencing hearing, appellant filed a motion to modify his sentence, arguing that it was both an abuse of discretion and "cruel, unusual and constitutionally disproportionate" in violation of the Eighth Amendment of the United States Constitution and Art. I, § 9 of the Virginia Constitution.  The trial court denied the motion, and appellant timely appealed the denial of this motion, as well as the sentencing order, to our Court.  However, appellant's assignment of error specifically alleges that the trial court "erred in imposing a 20-year active sentence based on the incorrect application of the mandatory minimum waiver provisions of Va. [C]ode § 18.2-248, subsection c, *thus making* the defendant's sentence constitutionally disproportionate to the crimes for which he was convicted."  (Emphasis added).  As we hold that the trial court did not incorrectly apply the mandatory minimum waiver provision of Code § 18.2-248(C) for the reasons discussed in this opinion, we do not address appellant's constitutional argument on appeal.

[3] Appellant does not challenge the imposition of the mandatory minimum sentence for the second-offense distribution of cocaine conviction with the offense date of October 30, 2015.  As noted above, appellant also pled guilty to one charge of possession of a firearm while possessing cocaine with intent to distribute, in violation of Code § 18.2-308.4(C), and one charge of possession of firearm by a convicted felon, in violation of Code § 18.2-308.2(A), both with that same offense date of October 30, 2015.

reviewed *de novo* on appeal." Id. at 568, 760 S.E.2d at 135.  However, "[w]e view the facts in the light most favorable to the Commonwealth," Sandidge v. Commonwealth, 67 Va. App. 150, 156, 793 S.E.2d 836, 839 (2016), and "review the trial court's factual findings only to determine if they are plainly wrong or devoid of supporting evidence," Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002).

Code § 18.2-248(C) provides that, upon a second conviction of manufacturing, selling, giving, distributing, or possessing with intent to manufacture, sell, give, or distribute a Schedule I or II controlled substance, "any . . . person may, in the discretion of the court or jury imposing the sentence, be sentenced to imprisonment for life or for any period not less than five years, three years of which shall be a mandatory minimum term of imprisonment to be served consecutively with any other sentence."

The statute then provides a waiver of the imposition of the mandatory minimum sentence if the trial court finds that certain requirements have been met.  The provision at issue here is subsection (b) which provides that waiver of the mandatory minimum sentence is applicable if "[t]he person did not . . . possess a firearm or other dangerous weapon in connection with the offense."[4]  In the instant case, appellant argues that the record did not support the trial court's finding that he possessed a firearm on the four offense dates at issue.  He contends that the evidence only demonstrated that he possessed a firearm on one of the five offense dates— October 30, 2015, the date of the execution of the search warrant when the AK-47 firearm was discovered in his home.  Therefore, the mandatory minimum sentence proscribed in Code § 18.2-248(C) does not apply to the other four offenses.[5]

---

[4] The Commonwealth has not, either at trial or on appeal, argued that appellant failed to meet the requirements of any other subsection of the statute's waiver provision.

[5] We note that under the relevant portion of Code § 18.2-248(C), the mandatory minimum sentence waiver will not apply if an individual possesses a firearm "in connection with

- 4 -

Thus, the inquiry before us is whether the trial court erred in finding that appellant possessed the firearm on the four dates at issue—October 9, 21, 26, and 28 of 2015. We are guided in this analysis by the well-established principles of possession set out by the appellate courts of Virginia. "Where the General Assembly uses the word 'possess,' Virginia courts have typically held that proof of actual or constructive possession are both permissible." Hunter v. Commonwealth, 56 Va. App. 50, 58, 690 S.E.2d 792, 795 (2010). "[T]he possession necessary to support a conviction for the possession of a firearm may be actual or constructive." Grier v. Commonwealth, 35 Va. App. 560, 570, 546 S.E.2d 743, 748 (2001). While in this case, we are examining a waiver to a mandatory minimum sentence rather than the evidence necessary to support a conviction, we hold that constructive possession principles apply in this context. Consequently, waiver of the mandatory minimum sentence is inapplicable under Code § 18.2-248(C) if an individual constructively possesses a firearm in connection with the offense.

"[T]he issue [of what constitutes constructive possession] is largely a factual one." Smallwood v. Commonwealth, 278 Va. 625, 630, 688 S.E.2d 154, 156 (2009) (second alteration in original) (quoting Ritter v. Commonwealth, 210 Va. 732, 743, 173 S.E.2d 799, 807 (1970)). "To establish constructive possession . . . , 'the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control.'" Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d

the offense." On brief, appellant only argues that the waiver provision applies because he did not possess a firearm; appellant makes no argument concerning whether any alleged possession was not "in connection with the offense." As such, we do not address whether this provision of the statute was satisfied. See Rashad v. Commonwealth, 50 Va. App. 528, 651 S.E.2d 407 (2007) (declining to address the third prong of the Edwards v. Arizona, 451 U.S. 477 (1981), analysis regarding subsequent interrogation following the invocation of the right to counsel because it was "not before the Court," in that defendant did "not argue the third prong of the Edwards analysis").

584, 586 (2008) (quoting Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006)).  While sufficient evidence of possession is not proven by mere "occupancy of the premises where [a] firearm is found," occupancy is a relevant factor that a fact finder can consider.  Rawls, 272 Va. at 350, 634 S.E.2d at 705.  "To support an inference that the owner or occupant of property also possesses contraband located on the premises, '[they] must be shown to have exercised dominion and control over the premises and to have known of the presence, nature and character of the contraband'" at the time of their ownership or occupancy.  Redmond v. Commonwealth, 57 Va. App. 254, 265, 701 S.E.2d 81, 86 (2010) (quoting Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 84 (1992)).

In the instant case, the record supports the finding that appellant exercised dominion and control over the premises where the firearm was found.  Appellant resided at the home where police found the AK-47 and it was specifically found in a bedroom containing items belonging to appellant.  Appellant's wife indicated that appellant had obtained the firearm two months prior to October 30, 2015 and had kept it in the home.  The offense dates for the four convictions challenged by appellant are October 9, 21, 26, and 28 of 2015—all within the period of time in which the firearm was in appellant's residence according to his wife's statement.  This evidence supports a finding that appellant exercised dominion and control over the premises during the relevant period of time.

This same evidence also supports the finding that appellant knew of the presence, nature, and character of the firearm found on the premises.  Based upon his wife's statement, appellant was clearly aware of the firearm's presence in the home and had dominion over it because appellant obtained it himself from a relative after a robbery.  In addition, appellant's own convictions for second-offense distribution of cocaine also support the finding that appellant was aware of the presence, nature, and character of the firearm.  Our Court has recognized that "[t]he

- 6 -

relationship between the distribution of controlled substances . . . and the possession and use of dangerous weapons is . . . well[-]recognized." Logan v. Commonwealth, 19 Va. App. 437, 445, 452 S.E.2d 364, 369 (1994) (*en banc*); see also United States v. White, 875 F.2d 427, 433 (4th Cir. 1989) (recognizing that firearms are "tools of the trade" in drug trafficking). Here, appellant's distribution of cocaine is another factor that the trial court could have considered in concluding that appellant possessed the firearm found in the master bedroom. "[I]t is within the province of the [fact finder] to determine what inferences are to be drawn from proved facts, provided the inferences are reasonably related to those facts." Beck v. Commonwealth, 2 Va. App. 170, 176, 342 S.E.2d 642, 645 (1986) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567-68 (1976)). Appellant's drug-dealing activities were a factor that, along with his wife's statement, provided sufficient evidence of his knowledge of the presence, nature, and character of the firearm found in his residence.

Based upon the evidence in the record, viewed in the light most favorable to the Commonwealth, the trial court did not err in finding that appellant was aware of the presence and nature of the firearm in the master bedroom and that the firearm was subject to his dominion and control during the dates of the four convictions at issue.

## III. CONCLUSION

We hold that the trial court did not err in finding that appellant possessed a firearm in connection with his distribution of cocaine, second or subsequent offense, convictions. Consequently, the trial court did not err in finding the mandatory minimum sentence waiver under Code § 18.2-248(C) inapplicable in appellant's case.

Affirmed.